Josephine E. Salmon (SBN 020630)
jsalmon@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Bank of America, N.A.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA - PHOENIX DIVISION

| | |
|---|---|
| In re<br><br>CRAIG L WEIDEL AND ROBERTA S WEIDEL,<br><br>Debtors. | Case No. 13-06794<br><br>Chapter 13<br><br>**SUPPLEMENTAL OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>341(a) MEETING:<br>DATE: June 5, 2013<br>TIME: 10:30 AM<br>PLACE: US Trustee Meeting Room, 230 N. First Avenue, Suite 102, Phoenix, AZ |

Bank of America, N.A.[1] (hereinafter "Creditor"), secured creditor of the above-entitled Debtors, Craig L Weidel and Roberta S Weidel (hereinafter "Debtors"), hereby supplements its Objection to the Chapter 13 Plan filed by Debtors in the above-referenced matter. The basis of the objection is stated below:

/./././

/./././

/./././

/./././

---

[1] This Objection to Confirmation shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding,

-1- CASE NO. 13-06794

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

# I.

# STATEMENT OF FACTS

1. On or about October 27, 2005, Debtors, for valuable consideration, made, executed and delivered to Morgan Financial, Inc. (hereinafter "Lender") a Promissory Note in the principal sum of $336,000.00 (the "Note"). Pursuant to the Note, Debtors are obligated to make monthly principal and interest payments. A copy of the Note is attached hereto as **Exhibit A** and incorporated herein by reference.

2. On or about October 27, 2005, Debtors made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in certain real property located at 8626 East Monterey Way, Scottsdale, Arizona 85251 (hereinafter the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on November 10, 2005, in the official records of the Maricopa County Recorder's office. A copy of the Deed of Trust is attached hereto as **Exhibit B** and incorporated herein by reference.

3. Subsequently, all right, title and interest under the Note and Deed of Trust was assigned to Creditor. A true and correct copy of the Corporation Assignment of Deed of Trust is attached hereto as **Exhibit C** and incorporated herein by reference.

4. On or about April 25, 2013, Debtors filed a Chapter 13 bankruptcy petition. Debtors' Chapter 13 Plan provides for payments to the Trustee in the sum of $240.00 per month for thirty-six (36) months. However, the Debtors' Chapter 13 Plan makes no provision for the cure of Creditor's pre-petition arrears.

5. The pre-petition arrearage on Creditor's secured claim is in the sum of $4,578.91. A copy of Creditor's Proof of Claim is attached hereto as **Exhibit D** and incorporated herein by reference.

6. Debtors will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $127.19 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed thirty-six (36) months.

Creditor now objects to the Chapter 13 Plan filed herein by the Debtors.

to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

-2- CASE NO. 13-06794
**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

## II.

## ARGUMENT

Application of the provisions of 11 United States Code section 1325 determines when a plan shall be confirmed by the Court. Based on the above sections, as more fully detailed below, this Plan cannot be confirmed as proposed.

**A. DOES NOT MEET FULL VALUE REQUIREMENT**
11 U.S.C. § 1325(a)(5)(B)(ii).

Amount of Arrearage Not Correct. The pre-petition arrears specified in the Chapter 13 Plan are $0.00. The actual pre-petition arrears equal $4,578.91, based on Creditor's Proof of Claim. As a result, the Plan fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii).

**B. PROMPT CURE OF PRE-PETITION ARREARS**
11 U.S.C. § 1322(d).

Debtors will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $127.19 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed thirty-six (36) months.

WHEREFORE, Creditor respectfully requests:

1. That confirmation of the Debtors' Chapter 13 Plan be denied;
2. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: September 30, 2013        PITE DUNCAN, LLP

_____
JOSEPHINE E. SALMON
Attorneys for Creditor
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385