Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re | In Proceedings Under Chapter 13 |
|---|---|
| CRAIG L WEIDEL, | Case No. 2-13-bk-06794 GBN |
| and | **TRUSTEE'S RECOMMENDATION** |
| ROBERTA S WEIDEL, | (1/20/14) |
| Debtors. | |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

(1) Bank of America, N.A. has filed an objection to the Plan. The attorney for the Debtors must notify the Trustee if the objection has been resolved or, if the objection is unresolved, file the appropriate motion to get the Court to hold a hearing on the objection. If resolution of the objection changes Plan funding requirements, the Trustee requires receipt of a new Plan analysis with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

(2) The proof of claim filed by City of Chandler is not provided for by the Plan. The Trustee has received no notification that the issue has been resolved and the Debtors must resolve this discrepancy before the Trustee recommends confirmation of the Plan. The Trustee requires that: (a)

the Debtor(s) file an objection to the proof of claim; (b) notify the Trustee **in writing** that the claim issue has been resolved and that the holder of the claim will sign the order confirming plan or (c) notify the Trustee **in writing** that the proposed order confirming plan will provide for payment pursuant to the proof of claim. If resolution of the claim changes Plan funding requirements, the Trustee requires receipt of a new Plan analysis with any proposed Order confirming the Plan. If an objection to the proof of claim is timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the objection.

(3) Pursuant to 11 U.S.C. § 1328(f)(1), the Debtors are not entitled to a discharge in this case due to the fact that the Debtors received a discharge in a Chapter 7 case filed within the four-year period prior to the petition date in this case. The proposed order confirming plan must include a provision whereby the Debtors acknowledge the unavailability of a discharge in this case.

(4) Discrepancies exist among the 2016(b) Statement and the Statement of Financial Affairs item #9 as to the amount of attorney fees paid by the Debtors. Clarification is required, and appropriate amendment might be necessary. In addition, the fees requested by the Debtors' attorney exceed the standard for this district for a flat fee case. Clarification is required.

(5) The Trustee conditionally objects to the attorney fees requested in the Plan. The fee application in the Plan fails to provide for all services (other than representation in adversary proceedings) listed in paragraph (F)(1) of the Attorney Application for Payment of Attorney Fees. The fee amount is to be adjusted and appropriate language in the Order Confirming Plan is to state that all services listed in paragraph (F)(1), except for adversary proceedings, are included in the flat fee amount.

- 2 -

Case 2:13-bk-06794-GBN    Doc 39    Filed 12/20/13    Entered 12/20/13 13:45:21    Desc
Page 2 of 5

(6) The Debtors bank statements show a withdrawal of $2,950.00 on 4/23/13. The Trustee requires an itemized accounting of how the funds were spent.

(7) The Order confirming must correct the plan payment start date to May 25, 2013.

(8) **Plan payment status:** The Debtors' interim payments of $240.00 each are current through due date 11/25/13. Subsequent payments are due on the 25th day of each following month. The Trustee reminds the Debtors that they may access case information from the Trustee's office, such as plan payments received, by going to www.13datacenter.com. Then, under the Debtor section, click 'Click Here to get started' and follow the instructions. Also, a debtor may get email notification of docket events by filling out the Bankruptcy Court's Debtor Email Registration Form. The form is available on the Court's website at www.azb.uscourts.gov and then going to Forms and Publications.

(9) Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(f) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(g) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2013 - 2015 federal and state income tax returns, including all attachments, forms, schedules and statements, within fifteen days of filing them.

(h) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(i) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(j) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

SUMMARY: Pursuant to Local Rule 2084-10, by 1/20/14 Debtors are to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Trustee could lodge a dismissal order.

Copy mailed or emailed to:

CRAIG L WEIDEL
ROBERTA S WEIDEL
8626 E. MONTEREY WAY
SCOTTSDALE, AZ 85251
Debtors

SKINNER LAW GROUP, PLC
BENJAMIN A. SKINNER
1744 S. VAL VISTA DR., STE 201
MESA, AZ 85204
Attorney for Debtors

_____
*jmorales@ch13bk.com*

- 5 -